UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRE GROUND TECHNOLOGIES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HOMETOWN RESTORATION, LLC, *et al.*, <br><br> Defendants. | Civil Action No. <br><br> 21-19915 (JXN) (LDW) <br><br><br> **OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court are defendant's Motion to Transfer Venue to the United States Bankruptcy Court for the Southern District of New York, White Plains Division (ECF No. 4) and plaintiffs' Cross-Motion to Remand this matter to the Superior Court of New Jersey, Law Division, Union County (ECF No. 6). These motions are decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions and for the reasons set forth below, the Motion to Transfer Venue is **GRANTED** and this case and the pending Motion to Remand are transferred to the United States District Court for the Southern District of New York, with the assumption that they will be referred to the Bankruptcy Court in White Plains.

## I. BACKGROUND

Plaintiffs Fire Ground Technologies, LLC and Lawrence Cohen, its sole owner and operator, allege that they entered into a February 12, 2019 agreement with defendants Hometown Restoration, LLC and Thomas A. Keith, its president and owner, whereby plaintiffs would refer homeowners whose properties had sustained fire damage to defendants for restoration work in

exchange for a commission.  (Compl. ¶¶ 12-15, ECF No. 1-2).  Plaintiffs further allege that defendants failed to pay commissions for clients successfully referred in accordance with their agreement.  (*Id.* ¶¶ 16-19).  Plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Union County on July 14, 2020 asserting breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, conversion, and unjust enrichment claims against defendants.  Defendants answered the complaint on September 10, 2020, and defendant Hometown Restoration asserted counterclaims against Fire Ground Technologies relating to $7,643.48 of commissions it allegedly overpaid.  (Answer, ECF No. 1-3).

Defendant Hometown Restoration filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on April 15, 2021.  (Meyers Decl. ¶ 6, Ex. C, ECF No. 6-1).  Despite the automatic bankruptcy stay, the New Jersey Superior Court entered an order dated April 21, 2021 dismissing Hometown Restoration from the action "without prejudice subject to reinstatement without formal motion and without costs, if the Bankruptcy proceedings do not fully dispose of all issues between the parties." (Meyers Decl., Ex. D).  On July 7, 2021, plaintiff Fire Ground Technologies filed a proof of claim in the Hometown Restoration bankruptcy case seeking $89,000 for "breach of contract; services performed; conversion of funds due."  (Meyers Decl. ¶ 9, Ex. F).  The state court action continued as to defendant Thomas Keith, who passed away on October 8, 2020, until November 10, 2021, when the action was removed to this Court.

## II.     DISCUSSION

On one point, the parties agree:  this matter should not proceed in the District of New Jersey.  Defendant Hometown Restoration asks the Court to transfer the action to the Bankruptcy Court overseeing its Chapter 11 case, while plaintiffs contend that the case should be remanded to

2

state court. The Court initially considers the question of subject matter jurisdiction before turning to the merits of the pending motions.

Defendant removed this action pursuant to 28 U.S.C. § 1452(a), which provides for removal of state court civil actions "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b), in turn, confers upon the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). Here, the removed action is related to bankruptcy proceedings as plaintiffs assert claims for monetary damages against Hometown Restoration, the debtor in Chapter 11 proceedings, and any money judgment in favor of plaintiffs on their affirmative claims or in favor of Hometown Restoration on its counterclaims would impact the debtor's liabilities and the administration of the bankruptcy estate. *See Resource Club, Ltd. v. Designer License Holding Co., LLC*, Civ. A. No. 10-412, 2010 WL 2035830, at *2 (D.N.J. May 21, 2010) (finding § 1334(b) subject matter jurisdiction over action removed from New Jersey Superior Court because plaintiff's state court claims against debtor for failure to pay rent were "related to" debtor's Chapter 11 proceedings in S.D.N.Y.).

The Court next considers the venue in which this matter should proceed. "[W]here a party's claims either arise out of or relate to a bankruptcy proceeding that is pending or was administered in another court, courts have generally found that motions to transfer venue should be considered before a motion for remand or dismissal." *Waleski v. Montgomery, McCracken, Walker & Rhoads, LLP*, Civ. No. 3:18-cv-1144, 2018 WL 6977710, at *3 (M.D. Pa. Dec. 10, 2018). *See Resource Club*, 2010 WL 2035830, at *3-4 (granting motion to transfer venue to bankruptcy court and deferring to bankruptcy court to decide motion to remand); *Thomason Auto Grp., LLC v. China Am. Coop. Auto., Inc.*, Civ. A. No. 08-3365, 2009 WL 512195, at *4-6 (D.N.J. Feb. 27, 2009) (same). Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Section 1412 also governs motions to transfer cases that are related to bankruptcy proceedings. *See Tatum v. Chrysler Grp., LLC*, Civ. A. No. 10-4269, 2011 WL 6303290, at *1 (D.N.J. Dec. 16, 2011) ("The Third Circuit and this District, specifically, have consistently applied § 1412 to transfer of 'related to' bankruptcy proceedings."); *Thomason Auto Grp.*, 2009 WL 512195, at *6 (applying § 1412 instead of the general venue transfer statute 28 U.S.C. § 1404(a) to motion to transfer action related to bankruptcy proceeding).

In determining whether venue transfer under § 1412 is in the interest of justice, courts may consider factors including: "(1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum." *Perno v. Chrysler Grp., LLC*, Civ. A. No. 10-5100, 2011 WL 868899, at *4 (D.N.J. Mar. 10, 2011). Principal among these factors is the home court presumption, a recognition that the "home court" of the bankruptcy to which the removed case is

related is often "in the best position to evaluate the claims and determine whether remand is appropriate." *George Junior Republic in Pa. v. Williams*, Civ. A. No. 07-4537, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008). *See Hohl v. Bastian*, 279 B.R. 165, 177 (W.D. Pa. 2002) ("[T]he home court presumption provides that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts."). The home court presumption is "particularly strong" where, as here, "the court to which the case was removed has no interest in the proceedings but is the court to which the removal law required the case to be removed" and "nobody actually wants this case to remain in this Court." *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD, Inc.*, Civ. A. No. 21-114, 2021 WL 915722, at *7 (E.D. Pa. Mar. 10, 2021).

Several factors weigh in favor of transfer. First, the Court already has determined that this action could conceivably affect the bankruptcy estate. Second, transferring this action to the Bankruptcy Court that has overseen Hometown Restoration's Chapter 11 proceedings for the past year and has some familiarity with the parties and claims involved promotes judicial efficiency. *See Walenski*, 2018 WL 6977710, at *4. There is nothing in the record to suggest that the ability to receive a fair trial or enforceability of any judgment is an issue with either forum. As the debtor is organized in New York and plaintiffs are citizens of New Jersey, both states in which this case might proceed have an equal interest in having the matter litigated locally, making this factor neutral. The Court is cognizant that plaintiff's choice of forum is the Superior Court of New Jersey, but the ruling on defendant's Motion to Transfer Venue does not foreclose the possibility that this case will be remanded to state court; it simply determines which court should make the ultimate decision as to forum. Finally, and most importantly, the home court presumption weighs heavily in favor of transfer. The District of New Jersey plainly has no interest in this action, and

neither party suggests that this Court should adjudicate the underlying breach of contract dispute. The district court is merely a procedural way station through which the parties must pass to get a bankruptcy-related case to bankruptcy court. Moreover, the Southern District of New York presumptively is the proper forum to adjudicate the merits of plaintiffs' remand motion in the first instance. *See Thomason Auto Grp.*, 2009 WL 512195, at *4 ("Generally, courts defer to the home court of the bankruptcy to decide the issue of remand or abstention."). As such, the Court will transfer this matter in the interest of justice and defers to the Bankruptcy Court to determine for itself whether removal of this action was proper, whether the state court breach of contract action is core or non-core, and whether it will hear the case or remand it to the Superior Court of New Jersey.

### III.   CONCLUSION

Defendant's Motion to Transfer Venue (ECF No. 4) is **GRANTED**, and this matter will be transferred to the United States District Court for the Southern District of New York for reference to the Bankruptcy Court in White Plains. It is **SO ORDERED**.

Dated:        May 16, 2022

                                               *s/ Leda Dunn Wettre*
                                               Hon. Leda Dunn Wettre
                                               United States Magistrate Judge

Original:        Clerk of the Court
    cc:        Hon. Julien Xavier Neals, U.S.D.J.
                  All Parties